# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER LITTLE, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.: 1:22-cv-161 |
| | : | |
| v. | : | |
| | : | |
| ALLEGHENY HEALTH NETWORK, | : | |
| D/B/A SAINT VINCENT MEDICAL | : | |
| EDUCATION AND RESEARCH | : | |
| INSTITUTE, INC. | : | |
| | : | |
| *Defendant*. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Jennifer Little, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

## Nature of the Action

This is an action brought pursuant to the Americans with Disabilities Act Amendment Act (ADAAA), as amended 42 U.S.C. §12010 et. seq., the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, Pennsylvania Human Relations Act (PHRA), as well as retaliation for exercising her rights under these various statutes, and for the creation of a hostile work environment. The Plaintiff, Jennifer Little, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, retaliation, and termination of her position by the Defendant in this matter.

**Parties**

1.      Plaintiff, Jennifer Little, is an adult individual that currently resides at 4536 Hammocks Drive, Apt. 305, Erie, Pennsylvania, 16506. At all times relevant hereto, the Plaintiff was a qualified individual and otherwise possessed all qualifications necessary to perform the essential functions of the job. At the time of her termination, the Plaintiff was thirty-four (34) years of age.

2.      Defendant, Allegheny Health Network, is a business with multiple locations throughout Western Pennsylvania, and the location of Plaintiff's employment was Saint Vincent Medical Education & Research Institute, with an address of 153 East 13th Street, Erie, PA 16503. It is estimated that the Defendant has well over five hundred (500) employees in Western Pennsylvania.

**Jurisdiction**

3.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions. Supplemental jurisdiction over the related state law claim is conferred by 28 U.S.C. §1367(a).

4.      Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

**Statements of Fact**

5.      Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

6.      The Plaintiff, Jennifer Little, accepted employment with Defendant, Allegheny Health Network, on or about June 10, 2018.

2

7.      During her employment with the Defendant in this case, the Plaintiff was employed as a Regional Practice Manager.

8.      The job duties of the Regional Practice Manger included the operations management of primary care offices located in the area.

9.      At no time prior to May of 2021 had the Plaintiff ever received any discipline or notice of performance issues related to her work with the Defendant.

10.     All of the Plaintiff's job performance evaluations with the Defendant were at or above level.

11.     On or about May 3, 2021, the Plaintiff took a leave of absence due to an exacerbation of her underlying medical condition.

12.     This leave of absence was supported, directed, and properly documented by her primary care physician.

13.     The Plaintiff suffers from anxiety and post-traumatic stress disorder due in part to an incident that occurred in 2017, in which she was stabbed with a knife.

14.     Due to some complications, the Plaintiff had her leave of absence extended through May 7, 2021, after which the Plaintiff intended to return to work in her position as a Regional Practice Manager.

15.     The Plaintiff's medical leave of absence was approved by the Defendant as FMLA leave.

16.     Upon the Plaintiff's return to work, she unfortunately continued to have significant issues related to her medical condition, and in the morning on May 12, 2021, the Plaintiff requested some additional medical leave through the Defendant's online portal.

17.     Also on May 12, 2021, the Plaintiff was scheduled to have a one-on-one meeting with her director, Ms. Marian Zill, Director of Operations for the employer.

18.     The Plaintiff was told by Ms. Zill that this was supposed to be their regular one-on-one status meeting.

19.     The Plaintiff maintains that Ms. Zill was aware of her medical condition and the reasons for her leave of absence.

20.      At the time of the meeting, Ms. Zill arrived with another employee that the Plaintiff had never met before.

21.     The Plaintiff was then instructed to follow the two individuals to the empty side of the building.

22.      The meeting itself was odd in that it took place in the empty side of the building, and the Plaintiff was not offered a seat.

23.     The empty side of the building, which was not owned or leased by the Defendant. For reasons that are unclear, they did not turn on the lights in the room.

24.     Ms. Zill and the other individual then advised the Plaintiff that there was a human resources representative, an attorney, and an investigator on the phone, and that they would be listening to the meeting.

25.     The Plaintiff was told that she was being accused of certain privacy violations, in particular the accessing of a former employee's chart by using someone else's credentials.

26.     The Plaintiff vehemently denied that she had engaged in any such action and demanded that the employer immediately provide evidence to support their allegations.

27.     The Defendant produced a few vague documents, none of which showed any evidence that she engaged in any such activity.

28.     Given the Plaintiff's medical condition and the recent exacerbation for which she had taken a medical leave of absence, she was extraordinarily distraught and intimidated not only by the allegations, but also the way the Defendant had engaged her during the meeting.

29.     The Plaintiff was then escorted from the building with her belongings.

30.     The Plaintiff subsequently received a termination letter on or about May 13, 2021.

31.     In a strange event, the Plaintiff then later received a voicemail on or about May 26, 2021, in which an individual identifying themselves as a corporate security/police officer, threatened to have her arrested over an alleged, anonymous compliance complaint.

32.     The same person called again and left a voicemail message on May 27, 2021.

33.     Due to the threatening nature of these calls and the nonsensical representations being made, the Plaintiff did not return said calls.

34.     Plaintiff did apply for and was approved for unemployment benefits.

35.     In the decision approving her unemployment benefits, the agency indicated that "The employer has not provided information showing the Claimant violated the rule."

36.     In another bizarre instance, when the Plaintiff began interviewing for positions to secure employment necessary to support herself and her family.

37.     During a third interview for one such position the interviewer indicated that she had been told by an employee of the Defendant, that the Plaintiff had been terminated for a privacy violation.

38.     The Plaintiff denied the allegations and asked where and when she received this information, to which the interviewer indicated that it was "a small town and people talk."

39.     The Plaintiff maintains that this is a false representation, which was intentional, defamatory, and demonstrably untrue.

5

40.     The Plaintiff did not receive the job for which she was interviewing.

41.     On or about September 13, 2021, the Plaintiff, Jennifer Little, filed a Charge with the EEOC Pittsburgh Office.

42.     On or about March 1, 2022, the EEOC issued a Notice of Right to Sue. (Exhibit 1)


## Count 1: Disability Discrimination: ADAAA & PHRA

43.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

44.     The Defendant failed to engage in the interactive process and terminated the Plaintiff.

45.     The Defendant expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of the Americans with Disabilities Act Amendment Act, as amended 42 U.S.C. §12010 et. seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq.*

46.     Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

47.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits,

future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 2: FMLA

48.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

49.     This matter case is brought pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. 2601 *et. seq.*

50.     Defendant violated and interfered with Plaintiff's rights under the Family Medical Leave Act (FMLA) 29 U.S.C. §2601 *et. seq.*, by terminating her while attempting to use said leave.

51.     Plaintiff, Jennifer Little, was an employee of the Defendant, and entitled to leave pursuant to 29 CFR 825.114, which leave was authorized by the Defendant.

52.     Plaintiff maintains that the employer violated the FMLA by terminating her immediately upon her attempt to return from leave and after she had requested additional leave.

53.     Plaintiff maintains that the Defendant violated the FMLA by interfering with her use of medical leave, and ultimately terminating her for said medical leave.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and

inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 3: Retaliation: ADAAA, FMLA & PHRA

54.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

55.     Plaintiff had disclosed her medical conditions, requested leave, and had requested accommodations with her return to work from leave, which constituted protected activity under these statutes.

56.     As a result, Plaintiff was harassed, humiliated, terminated, and discriminated against by the Defendant in retaliation for the disclosure of her medical conditions and the assertion of her rights under the FMLA, ADAAA and PHRA.

57.     Under the FMLA, the ADAAA, and the PHRA, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

58.     As a direct and proximate result of Defendant's actions in violation of the PHRA, Plaintiff suffered lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits,

8

future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **Count 4: Creation of a Hostile Work Environment**

59.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

60.     The Plaintiff's supervisor had increasingly responded to her in a manner that was intensely hostile as described above.

61.     The Plaintiff was subjected to a hostile work environment on the basis of disability and request for accommodation.

62.     As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

9

A jury trial is demanded.

### Count 5: Defamation

63.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

64.     Plaintiff was advised during an interview with a potential employer, in her attempt to mitigate her damages, that an employee of the Defendant had communicated to them that she had been terminated for violation of a privacy policy at the hospital, which accusation again demonstrably false.

65.     As a result of said communication to a third party of a false statement with clear intention of hurting the Plaintiff, the Plaintiff did not get the position for which she was on a third interview for, and otherwise would have been a likely candidate to fill the open position.

66.     As a direct proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court:

A)     Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of the FMLA, ADAAA, and the PHRA;

B)     Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C)     Order Defendant to make whole Jennifer Little, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D)     Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E)     Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F)     Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G)      Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.


                              Respectfully submitted

                              */s/ Sean A. Casey*
                              Sean A. Casey
                              PA ID #79806

                              **SEAN A. CASEY, ATTORNEY AT LAW**
                              First & Market Building
                              100 First Avenue, Suite 1010
                              Pittsburgh, PA 15222
                              T: (412) 201-9090
                              F: (412) 281-8481
                              Email: sean@caseylegal.com

                              Counsel for Plaintiff,
                              Jennifer Little